


UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**WILLIAM J. PRICE, #687350,**

    Plaintiff,

v.

Case: 2:18-cv-13354
Judge: Goldsmith, Mark A.
MJ: Majzoub, Mona K.
Filed: 10-26-2018 At 02:09 PM
PR Price v. Drum (EK)

**JOHN DOE DRUM,** in his capacity as an MDOC Transportation Officer,

    Defendant.
_____/

**William J. Price, #687350**
Plaintiff appearing propria persona
Chippewa Correctional Facility
4269 West M-80
Kincheloe, MI 49784
_____/

## PLAINTIFF'S COMPLAINT WITH JURY DEMAND

William J. Price, #687350, for his complaint, states:

### PARTIES

1. At all times relevant to this cause of action, Plaintiff was incarcerated at the G. Robert Cotton Correctional Facility in Jackson, Michigan.

2. At all times relevant to this cause of action, Defendant John Doe Drum was a transportation officer employed with the MDOC at the G. Robert Cotton Correctional Facility.

3. The named Defendant to this action is being sued in his individual and official capacities.

4. The named Defendant to this action acted under the color

of State Law at all times relevant to the allegations complained of in this Complaint.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction under 28 U.S.C. Sec. 1331 over the subject matter of Counts I and II. Plaintiff Price brings Counts I and II under 42 U.S.C. Sec. 1983, alleging that the defendant displayed deliberate indifference to his serious medical needs, and that the defendant displayed deliberate indifference to his safety and welfare, subjecting him to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

6. This Court may exercise supplemental jurisdiction under 28 U.S.C. Sec. 1367(a) over the state law claims alleged against Defendant Drum in Count III.

7. Venue is proper in this judicial district under 28 U.S.C. Sec. 1391(b)(2), because this is the district in which all of the events or omissions giving rise to the claims occurred.

8. Plaintiff Price has exhausted all available administrative remedies required to be pursued by 42 U.S.C. Sec. 1997e(a), by filing grievances sufficient to afford MDOC/Defendant Drum the chance to address the claims against him before the allegations reached federal court, see, **Curry v. Scott,** 249 F.3d 493, 505 (6th Cir. 2001), and by following it through all three (3) steps of the MDOC grievance procedure.

## GENERAL ALLEGATIONS

9. Plaintiff Price is currently incarcerated by the Michigan Department of Corrections, (MDOC), at the Chippewa Correctional Facility in Kincheloe, Michigan.

10. The events on which this action is based occurred at Plaintiff Price's previous place of incarceration, the G. Robert Cotton Correctional Facility on the morning of September 1, 2015.

11. That Plaintiff Price, at all times relevant to this cause of action, was and is a permanent wheelchair disabled prisoner solely and exclusively dependent on the handicap wheelchair Van for transportation purposes.

12. That on the morning of September 1, 2015, Plaintiff Price was on an outside medical detail to be transported to the Duane Waters Medical Center for physical therapy treatment.

13. That Plaintiff Price witnessed Defendant Drum place his wheelchair backwards onto the lift of the wheelchair Van.

14. That despite Plaintiff Price's warning that the backwards way of placing his wheelchair onto the lift was the wrong way, Defendant Drum snorted "I've done this a thousand times, there is no right or wrong way to put you on the lift."

15. That despite having knowledge of the handicap wheelchair Van's dangerous condition, Defendant Drum deliberately, intentionally, and willfully failed to return Plaintiff's wheelchair to a safe working condition or otherwise secure the wheelchair to prevent serious injuries.

16. That by forcing Plaintiff's wheelchair backwards onto the lift without using any safety measures whatsoever, the lift

3

rose approximately five (5) feet from the ground tilting left and causing Plaintiff to crash to the ground sustaining serious injuries to the left side of his face and head.

17. That because at the time of the predictable and preventable accident Plaintiff was permanently wheelchair bound and handcuffed, from hands to his feet, he was unable to brace and/or protect himself from the weight of the fall to the ground.

18. At Duane Waters Medical Center medical care providers determined that plaintiff had suffered such damage to the side of his head that he required stitches to close the open wound.

19. Plaintiff Price underwent several surgical procedures to close his wounds, and returned to the Cotton Correctional Facility.

20. Plaintiff's pain was so unbearable that it caused him mental anguish and disrupted his sleep.

21. After suffering for over two days, Plaintiff was finally prescribed pain medications.

## COUNT I

### CLAIM OF EIGHTH AMENDMENT VIOLATION
### BROUGHT UNDER 42 U.S.C. SEC. 1983

#### Deliberate Indifference to Threat to Safety and Welfare

22. Plaintiff incorporates and restates his previous allegations.

23. Defendant John Doe Drum was a transportation officer at the G. Robert Cotton Correctional Facility on September 1, 2015.

24. Defendant Drum had actual knowledge prior to September 1, 2015, the date on which Plaintiff's injury occurred, that the handicap wheelchair transportation vehicle lift when not operated

appropriately posed a substantial risk of serious injury to Plaintiff Price.

25. Defendant Drum knowingly disregarded this risk by failing to ensure that plaintiff's wheelchair was entered into the handicap Van properly by failing to secure the wheelchair onto the lift to prevent injury.

26. The Eighth Amendment to the United States Constitution provides, in pertinent part, that cruel and unusual punishment shall not be inflicted.

27. Defendant Drum's conduct displayed a deliberate indifference to Plaintiff Price's safety and welfare, and subjected him to inhumane conditions of confinement, in violation of the Eighth Amendment.

28. Defendant Drum subjected Plaintiff Price to cruel and unusual punishment, in violation of the Eighth Amendment, by showing such deliberate indifference to Plaintiff's safety and welfare.

29. As a direct and proximate result of Defendant Drum's actions, Plaintiff Price suffered physical, mental, and emotional pain, loss of a portion of his hearing, and in violation of his constitutionally protected right to be free from cruel and unusual punishment.

## COUNT II

### CLAIM OF EIGHTH AMENDMENT VIOLATION
### BROUGHT UNDER 42 U.S.C. SEC. 1983

#### Deliberate Indifference to Serious Medical Needs

30. Plaintiff incorporates and restates his previous

5

allegations.

31. Defendant Drum was working as a transportation officer at the G. Robert Cotton Correctional Facility on the date of Plaintiff's serious injury.

32. That Defendants actions were predictable and preventable if not for deliberately and intentionally placing Plaintiff's wheelchair backward onto the wheelchair lift and dropping him approximately five (5) feet head first to the ground.

33. That Defendant Drum knowingly took the action that resulted in Plaintiff Price's serious injury without regard for his health, safety and/or welfare displaying a deliberate indifference to his medical needs in violation of the Eighth Amendment.

34. That Defendant's conduct in placing Plaintiff's wheelchair backwards onto the handicap lift without employing a scintilla of safeguard protection to prevent serious injury, displayed a deliberate indifference to Plaintiff's medical needs, in violation of the Eighth Amendment.

35. That Defendant Drum subjected Plaintiff Price to cruel and unusual punishment, in violation of the Eighth Amendment, by showing such deliberate indifference to Plaintiff's serious medical needs.

36. As a direct and proximate result of Defendant Drum's actions, Plaintiff Price suffered physical, mental, and emotional pain, severe head injury, and loss of hearing, and violation of his constitutionally protected right to be free from cruel and unusual punishment.

## COUNT III

### GROSS NEGLIGENCE

37. Plaintiff incorporates and restates his previous allegations.

38. Defendant Drum had a duty to ensure that the transportation vehicle was used in a safe working condition and did not pose a serious threat to injury.

39. Defendant Drum had actual knowledge, for several years of transporting wheelchair bound prisoners in his employment with the MDOC, before Plaintiff's injury occurred, that using the lift backwards was dangerous and posed a serious threat to the prisoner's safety.

40. Despite this knowledge, Defendant Drum failed to ensure that the lift was in good repair or secured to prevent injury, breaching his duty to Plaintiff Price.

41. Because Defendant Drum knew for several years that the handicap lift on the transportation vehicle posed a serious risk of harm or injury if used in an neglectful manner, yet failed to ensure that it was secure to prevent serious injury, his conduct was so reckless as to demonstrate a substantial lack of concern for whether injury resulted, constituting gross negligence.

42. That this conduct was the proximate cause of Plaintiff Price's injury.

43. That the injury sustained by Plaintiff Price has caused him damage, including physical, mental, and emotional pain and suffering and loss of hearing.

7

## RELIEF REQUESTED

For these reasons, Plaintiff Price prays for judgment in his favor and against Defendant Drum as follows:

    **A.**    Awarding Plaintiff Price compensatory damages for his injuries in excess of **Seventy-Five Thousand ($75,000.00) Dollars**;

    **B.**    Awarding Plaintiff Price punitive and/or exemplary damages for violations of his constitutional and civil rights in the amount of **One Hundred Fifty Thousand ($150,000.00) Dollars.**

    **C.**    Awarding Plaintiff Price such further relief as the Court may deem proper.

## JURY DEMAND

**Plaintiff Price demands a jury on all issues triable to a jury.**

Respectfully submitted,

*William J. Price, #687350*
William J. Price, #687350
Plaintiff appearing propria persona
Chippewa Correctional Facility
4269 West M-80
Kincheloe, MI   49784

Dated:   October 15, 2018

$001.84
10-23-18

From: William J. Price #697350
Chippewa Correctional Facility
4269 W. M-80
Kincheloe, MI. 49784

RECEIVED
OCT 26 2018
CLERK'S OFFICE
U.S. DISTRICT COURT

To: Office of the Clerk
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd.
Detroit, MI. 48226

U.S. MARSHALS

## CIVIL COVER SHEET FOR PRISONER CASES

| | | |
|---|---|---|
| Case No. 18-13354 | Judge: Mark A. Goldsmith | Magistrate Judge: Mona K. Majzoub |

| Name of 1st Listed Plaintiff/Petitioner: | Name of 1st Listed Defendant/Respondent: |
|---|---|
| William Price | John Doe Drum |
| **Inmate Number:** 687350 | **Additional Information:** DM - No Trust Fund Account Statement |
| **Plaintiff/Petitioner's Attorney and Address Information:** | |
| **Correctional Facility:** Chippewa Correctional Facility 4269 W. M-80 Kincheloe, MI 49784 CHIPPEWA COUNTY | |

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☐ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☒ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☒ IFP *In Forma Pauperis*
- ☐ PD Paid

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?
   ☐ Yes    ☒ No
   ➤ If yes, give the following information:
   Court: _____
   Case No: _____
   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)
   ☐ Yes    ☒ No
   ➤ If yes, give the following information:
   Court: _____
   Case No: _____
   Judge: _____

MIED (Rev. 07/06)  Civil Cover Sheet for Prisoner Cases